FILED'09 JAN 30 14:35USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CAROLYN EXUM, | ) | |
| | ) | Civil No. 06-1301-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OREGON and BILL | ) | |
| HOEFEL, | ) | |
| | ) | OPINION AND ORDER |
| Respondents. | ) | |

    Michael R. Levine
Attorney at Law
400 SW Sixth Avenue, Suite 600
Portland, Oregon 97204

       Attorney for Petitioner

    John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

       Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which she seeks to challenge the legality of her underlying state conviction for Murder.  For the reasons which follow, the First Amended Petition for Writ of Habeas Corpus (#22) is denied.

## BACKGROUND

Petitioner conspired with her lover, Allen Browning, to murder her husband.  Browning bludgeoned petitioner's husband to death and, when questioned, admitted his participation in the crime. Respondent's Exhibit 114.  He ultimately pled guilty in exchange for a life sentence with the possibility of parole.  As part of his plea agreement, he also agreed to testify against petitioner. Respondent's Exhibit 117.

As a result of her participation in the crime, petitioner was charged with three counts of Aggravated Murder, Attempted Murder, Kidnaping in the First Degree, Assault in the Second Degree, and Tampering with Physical Evidence.  Respondent's Exhibit 102.  She agreed to plead guilty to Murder (the lesser included offense of Count One's Aggravated Murder), and the State agreed to drop the remaining charges.  Respondent's Exhibit 103.  Following petitioner's plea, the trial court sentenced her to life in prison with a 25-year minimum.  Respondent's Exhibit 104, p. 6.

Petitioner's attorney filed for direct appeal using a *Balfour* brief,[1] but petitioner did not supplement the brief to include any issues for appellate review. Respondent's Exhibit 105. Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction relief ("PCR") in Washington County where the PCR trial court denied relief on all of her claims. Respondent's Exhibits 124-126. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 130, 132.

Petitioner filed her First Amended Petition for Writ of Habeas Corpus on March 10, 2008 in which she raises the following grounds for relief:

    1.    Petitioner's plea of guilty was not entered knowingly, intelligently, and voluntarily in violation of her rights to due process and the effective assistance of counsel;

    2.    Trial counsel rendered ineffective assistance when he:

        a.    Grossly misadvised her and misinformed her with respect to entering her guilty plea;

---

[1]    The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." The defendant may then file the Section B segment of the brief containing any assignments of error she wishes. *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

b.   Provided erroneous advice and statements which threatened and coerced petitioner into entering her guilty plea;

c.   Misadvised and misled petitioner into believing that her fifteen-year-old son was at risk of being prosecuted as an accessory to murder unless she pled guilty;

d.   Misadvised and misled petitioner into believing that her father would be prosecuted, convicted and incarcerated for being an accessory to murder or for obstruction of justice unless she pled guilty;

3.   Petitioner is actually innocent of the charge of murder and would not have pled guilty had trial counsel effectively and properly investigated the case, properly filed motions to suppress evidence including her statements to the police, and properly advised her; and

4.   The conduct of respondents in continuing to incarcerate petitioner deprives her of her Sixth and Fourteenth Amendment rights.

## DISCUSSION

### I.   **Improper Respondent**.

As an initial matter, petitioner properly brings this case against her warden, Bill Hoefel. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (proper respondent in a habeas case is the petitioner's custodian). She also brings this action against the State of Oregon. Because the State is not a proper respondent, it is dismissed.

///

///

4 - OPINION AND ORDER

II.  **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

*Id* at 410.   The state court's application of clearly established law must be objectively unreasonable.   *Id* at 409.

### III. Analysis.

#### A.   Involuntary Guilty Plea (Grounds 1, 2(a), 2(b), 2(c), and 2(d)).

Petitioner brings due process and ineffective assistance of counsel claims based on her purportedly involuntary guilty plea. Specifically, during her state court proceedings she argued that counsel misadvised her with respect to the potential culpability of her son and father, telling her that if she did not plead guilty, her family might be prosecuted.   Respondent's Exhibit 127, p. 12. She also maintained that her defense attorney and the prosecutor unethically struck a deal whereby defense counsel would give up on petitioner's case in exchange for a more favorable position in a subsequent case.   *Id* at 13.

Due process requires that a defendant's guilty plea be voluntary and intelligent.   *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).   A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of his plea.   *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397 U.S. 742, 755 (1970). Petitioner must present sufficient evidence to defeat the "formidable" presumption of verity accorded to plea proceedings.   *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

With respect to petitioner's ineffective assistance of counsel claims, the Supreme Court has established a two-part test to determine whether a petitioner has suffered from such a constitutional defect in her trial. First, the petitioner must show that her lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that her lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, she would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In this case, the PCR trial court made the following factual findings relevant to the claims at issue:

> 11. Petitioner's plea was knowing, voluntary, and intelligent.

7 - OPINION AND ORDER

20. Prior to the plea, petitioner further indicated that she had not been threatened or made promises to force her into pleading, had no questions, and again indicated that she had been given the opportunity to fully speak with her attorneys.

21. Petitioner failed to prove her claim that the district attorney threatened her with statements that her father and/or brother would be arrested.

23. Petitioner failed to prove that counsel's advice regarding her plea was not sound.

26. Petitioner failed to prove any facts necessary to support her claims.

28. Petitioner claims that her mother and her sister's boyfriend overheard a conversation between counsel and the district attorney at which time the district attorney stated, "If you give us this one, then we'll give you the next one."

29. According to counsel, no such conversation ever took place between the district [attorney] and himself.

45. Petitioner failed to prove that her attorneys coerced her into pleading guilty.

46. The record reflects that petitioner's plea was knowing, voluntary, and intelligent and that, at the time of her plea, petitioner affirmed that she was not coerced.

47. Counsel swears under oath that he does not understand petitioner's references to her son, who had nothing to do with the murder. (The same holds true for petitioner's father, whose arrest was never mentioned or discussed at the time petitioner decided to plead).

Respondent's Exhibit 125, pp. 3-7 (citations to state record omitted).

This case ultimately turned on a credibility determination between petitioner's deposition testimony and defense counsel's

8 - OPINION AND ORDER

competing affidavit.  The PCR trial court obviously resolved this credibility contest in counsel's favor, and therefore concluded that petitioner had not been coerced into entering an involuntary guilty plea.  The PCR trial court's credibility determination constitutes a factual finding which this court accepts as true absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).

After conducting a thorough review of the record in this case, the court finds no clear and convincing evidence which would lead it to disregard the PCR trial court's credibility determination. In fact, the record supports this determination since petitioner specifically advised the trial court that no threats or promises had been made to induce her plea.  Respondent's Exhibit 104, p. 4. "Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Accepting the PCR trial court's credibility determination, its decision denying relief on petitioner's due process and ineffective assistance of counsel claims is neither contrary to, nor an unreasonable application of, clearly established federal law.

**B.    Ground 3:  Actual Innocence.**

Petitioner next asserts that she is actually innocent of her husband's murder, and is therefore entitled to habeas corpus relief.  In *Herrera v. Collins*, 506 U.S. 390, 417 (1993), the Supreme Court assumed without deciding that "in a capital case a

9 - OPINION AND ORDER

truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." Even assuming petitioner in this non-capital habeas case could assert a freestanding claim of actual innocence as an independent ground for relief, she "must go beyond demonstrating doubt about [her] guilt, and must affirmatively prove that [s]he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc).

Petitioner admitted her guilt in the Plea Petition and at the plea hearing. Respondent's Exhibits 103 & 104. Browning, whose affair with petitioner prompted the murder, implicated petitioner in the crime and was prepared to testify against her. Respondent's Exhibits 114 & 117. Moreover, even though petitioner realized Browning had bludgeoned her husband to death, she continued her romantic affair with him uninterrupted. Respondent's Exhibit 114. In light of these facts, and in the absence of any clearly exculpatory evidence, the court cannot conclude that petitioner is actually innocent.

C.    **Ground 4: Continued Incarceration**.

Finally, petitioner alleges that her continued incarceration constitutes a violation of her Sixth and Fourteenth Amendment rights. Petitioner's challenge to the fact of her incarceration, an incarceration which resulted from following a constitutionally-

permissible plea and sentencing, does not amount to an independent ground for habeas corpus relief.

### CONCLUSION

For the reasons identified above, the First Amended Petition for Writ of Habeas Corpus (#22) is DENIED.

IT IS SO ORDERED.

DATED this _**30**_ day of January, 2009.

Michael W. Mosman
United States District Judge

11 - OPINION AND ORDER